Donohue *v.* Henry.

---

ANN DONOHUE, Administratrix, &c., *v.* JOHN J. HENRY.

An action in the nature of trover will lie, where money belonging to the plaintiff has been received for him by the defendant, from a third person, and is wrongfully retained; although not for money which, with the defendant's assent, has gone into the defendant's possession and been mingled with his own funds.

Private letters, written by third persons to an intestate in his lifetime, must be shown to possess some positive pecuniary value, in order to enable the administrator to recover other than merely nominal damages for their wrongful detention.

An objection to the want of formal proof of the issuing of letters of administration to the plaintiff, in an action in the Marine Court, brought by the plaintiff as administrator, cannot be taken for the first time on appeal.

A claim founded upon contract, cannot be set off to damages proved in an action for the conversion of personal property.

It is competent for a justice to entirely disregard the testimony of a witness, if his manner of testifying and other circumstances developed in the case, render him, in the opinion of the court below, unworthy of belief.

THIS was an action in the nature of trover, and was prosecuted by the plaintiff as administratrix of an estate, to recover

Donohue v. Henry.

damages for the wrongful detention and conversion of a sum of money, and also certain household furniture, and certain writings, books and papers. The Marine Court awarded judgment in favor of the plaintiff, from which the defendant appealed. The questions determined upon the appeal are sufficiently illustrated in the opinion.

*Nathaniel J. Wyeth*, for the defendant.

*Michael Doheny*, for the plaintiff.

By the Court. Ingraham, First J.—The objection to the want of proof of letters of administration should have been made at the trial. If it had then been made, the proof could have been furnished, and by omitting to make it then, the defendant waived the objection to the want of it.

As to the item of $170, the defendant is proved to have admitted the receipt of it from Roche & Brothers; and one of that firm also proves the payment of the money to the defendant. It is objected that trover will not lie for this item of money. This is true where the money has gone into the defendant's possession, with the plaintiff's assent, and permitted to be mixed up with his own money. But where money is received from a third person, the party to whom the money belonged has a right to insist upon receiving the identical money so collected, and if not delivered on request, may maintain a possessory action therefor.

There is more difficulty in disposing of the evidence of Ryall. He testifies to the payment of $170 by the defendant to the intestate between the 19th December and 23d January, at defendant's house, two or three nights after O'Donohue told him the draft was cashed. That the money was paid in gold. It was before new year's. There is some evidence of O'Donohue being extravagant, and giving away sums of money.

This evidence the justice disregarded, and he gives, as the reason for so doing, that he disbelieved Ryall, both from

his manner of testifying and the statements to which he testified.

The conduct of the defendant, also, is referred to by the justice as furnishing evidence of an intended fraud upon the heirs of the deceased.

It is always proper, where the credibility of a witness is involved, and there is any thing to affect his testimony, to yield to the opinion of the court or jury before whom such witness is examined, in preference to deciding as his testimony appears upon paper. The personal appearance of the witness, the mode of testifying, the degree of candor with which his evidence is given, all have, justly, much influence in deciding the degree of credit to which he is entitled. And whereas, in this case, they are accompanied by evidence of a course of conduct on the part of the defendant calculated to prejudice him in the estimation of others, as showing an attempt to obtain the property of the deceased without authority, and to apply it to his own use, alleging that he had died without heirs, and that, too, at the time when he knew the wife and child of the deceased were in the city, we feel unwilling to interfere with the decision of the court so made.

There are circumstances in this case which may well lead to the conclusion at which the justice arrived, while, if he had decided otherwise, we should have been equally unwilling to interfere.

In regard to the furniture claimed, there does not appear to have been any proof of furniture in defendant's possession, or any refusal to deliver it up. To warrant a recovery for furniture, there should be proof of the possession, demand and refusal to deliver.

The same remarks will apply to the claim for papers. It does not appear from the evidence that any books or papers were retained, except, it may be, some letters from third persons to the deceased. As these appear to be private letters, an imaginary value attached to them for the purpose of publishing to injure third persons, or, in other words, to use them for the purpose of levying black mail on others, can never be

recognized in a court of justice as the proper value to be allowed for them. They are not to be estimated in this way. No value could be shown, in a pecuniary point of view, that the administrator could recover in such a case.

The bill or set off of the defendant, for goods sold to the intestate, was properly rejected. In an action of this kind no set off is admissible.

The judgment must be reduced to $170 and the costs of the court below, and affirmed for that sum, without costs on appeal.

Adjudged accordingly.